UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

SYLVIA HUTIU,[1] Individually,
as Personal Representative of the Estate
of MIRCEA HUTIU                                                                                PLAINTIFF

v.                                                                              CIVIL ACTION NO. 3:10CV-276-S

WAL-MART STORES, INC., et al.                                                                  DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendants, Wal-Mart Stores, Inc., *et al.*, for summary judgment in this wrongful death action (DN 20). Wal-Mart contends that the action is time-barred. The court finds Wal-Mart's motion is not well taken. The court will therefore deny the motion for summary judgment.

A party moving for summary judgment has the burden of showing that there are no genuine issues of fact and that the movant is entitled to summary judgment as a matter of law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 151-60, 90 S. Ct. 1598, 16 L. Ed. 2d 142 (1970); *Felix v. Young*, 536 F.2d 1126, 1134 (6th Cir. 1976). Not every factual dispute between the parties will prevent summary judgment. The disputed facts must be material. They must be facts which, under the substantive law governing the issue, might affect the outcome of the suit. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510 (1986). The dispute must also be genuine. The facts must be such that if they were proven at trial, a reasonable jury could return a verdict for the non-moving

---

[1] The plaintiff's last name was apparently misspelled in the complaint as "Hutui." We will reflect the correct spelling here.

party. *Id.* at 2510. The disputed issue does not have to be resolved conclusively in favor of the non-moving party, but that party is required to present some significant probative evidence which makes it necessary to resolve the parties' differing versions of the dispute at trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288-89 (1968). The evidence must be construed in a light most favorable to the party opposing the motion. *Bohn Aluminum & Brass Corp. v. Storm King Corp.*, 303 F.2d 425 (6th Cir. 1962).

The essential facts are undisputed.

On April 1 or 2, 2009, Mircea Hutiu, a commercial truck driver, died in his van in a Wal-Mart parking lot in Louisville, Kentucky. Hutiu resided with his wife, Silvia Hutiu, in Pembrooke Pines, Florida. The Coroner's Investigative Report indicates that he had been deceased for at least twelve hours at the time his body was discovered. An autopsy revealed that Hutiu died of meningitis with cerebritis and acute intracranial hemorrhage.

Silvia Hutiu was appointed personal representative of her husband's estate in Broward County, Florida, on November 2, 2009. On March 31, 2010, she filed a wrongful death suit in the Jefferson County, Kentucky, Circuit Court for an alleged failure to render aid to Hutiu.

Generally, an action for personal injury in Kentucky must be brought within one year after the cause of action accrued. KRS 413.140(1)(a). This one-year statute of limitations governs wrongful death actions, as the wrongful death statute, KRS 411.130, does not contain a limitation. *Gaither v. Commonwealth*, 161 S.W.3d 345 (Ky.App. 2004). Kentucky's survival statute (KRS 413.180(1) and (2), "transfers the cause of action held by the decedent immediately before, or at death, to his personal representative." *Conner v. George W. Whitesides Company*, 834 S.W.2d 652, 655 (Ky. 1992)(Stephens, C.J., dissenting). KRS 413.180 has been held to apply to wrongful death

claims, effectively "provid[ing] two years from the date of death to appoint a personal representative and commence a cause of action for wrongful death." *Id.*

Kentucky law provides that a nonresident executor or administrator of a person who was a nonresident at the time of death may prosecute an action, including a claim for wrongful death, on behalf of the decedent, but must be properly appointed ancillary administrator/trix in Kentucky to do so. KRS 395.170. Hutiu was not appointed ancillary administratrix of her husband's estate until August 10, 2010. On August 12, 2010, she moved for leave to amend her complaint to allege her ancillary capacity and to add a claim for loss of consortium on behalf of her minor daughter. Wal-Mart urges that amendment of the complaint would be futile, as Hutiu sought ancillary appointment over one year after her husband's death, and therefore her claims are barred by the one-year statute of limitations found in KRS 413.180(1). Wal-Mart seeks summary judgment dismissing the action on this basis.

Under KRS 413.180(1), when a personal representative is appointed within one year from the date of death, the personal representative has one year from the date of appointment within which to bring a wrongful death suit. If no such suit is filed, the wrongful death claim dies. *Southeastern Kentucky Baptist Hospital, Inc. v. Gaylor*, 756 S.W.2d 467, 470 (Ky. 1988). However, when a personal representative is appointed after one year from the date of death, as Hutiu was, KRS 413.180(2) applies, the one year anniversary of death is considered the date of appointment, and the personal representative has one year from the anniversary date within which to file suit. If suit is not brought within one year of the anniversary of death (or, stated more simply, within two years from the date of death) the wrongful death claim dies. *Conner*, 834 S.W.2d at 654-55.

Mircea Hutiu died on April 1 or 2, 2009.  Although his wife was appointed in Florida in November, 2009, she was not appointed ancillary administrator in Kentucky until August 10, 2010.  The one-year deadline having passed on April 1 or 2, 2010 before she obtained her Kentucky appointment, she had one year from the one-year anniversary date of death to file suit.  Therefore, the suit for wrongful death was required to be filed by April 1 or 2, 2011.  It was filed on March 31, 2010, and a motion for leave to amend the complaint to properly allege her capacity as duly appointed ancillary administrator was filed on August 12, 2010.  Thus in accordance with KRS 413.180(2) and *Conner, supra.*, we conclude that no genuine issue of material fact exists and Wal-Mart's motion for summary judgment must be denied.  The claim for wrongful death was timely filed and will be maintained by the properly designated representative of Hutiu upon filing of the first amended complaint.

Therefore, motions having been made and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that

> 1.  The motion of the defendant, Wal-Mart Stores, Inc., *et al.*, for summary judgment (DN 20) is **DENIED.**
>
> 2.  The motion of the plaintiff, Sylvia Hutiu, to strike and replace the proposed amended complaint with a redacted version (DN 18) is **GRANTED.**
>
> 2.  The motion of the plaintiff, Sylvia Hutiu, for leave to file a first amended complaint (DN 17) is **GRANTED.**

**IT IS SO ORDERED.**